## No. 4779.

### D. Durac, Jean Bazus, transferree, *v.* Widow J. B. Ferrari, Louis Goulard, third opponent.

The subrogation relied on in this case by Goulard, the third opponent, was not effected in conformity with article 2160, R. C. C. This article is very explicit. The act of borrowing and the receipt must be executed in the presence of a notary and two witnesses. In this instance the receipt was given by the sheriff, and should have been rejected on the objection made by the plaintiff. It is not an authentic act by law, and is not in the form of receipt required by the above mentioned article of the Civil Code. The subrogation therefore attempted in favor of Goulard, the third opponent, is without legal effect against any one having adverse claims such as the plaintiff or his transferree has shown himself to possess.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. C. E. Schmidt,* for plaintiff and appellant. *Albert Voorhies,* for the third opponent, appellee.

Howell, J. In June, 1869, F. J. Robert sold to D. Durac and Widow J. B. Ferrari a lot of ground in New Orleans, part of the price being paid in cash, and two notes, secured by mortgage, given by the purchasers *in solido* for the balance, the lot being divided or partitioned in the act of sale between the said purchasers. At the maturity of the first note, Durac, being bound solidarily on it, paid it and issued executory process for the half thereof against the portion belonging to Mrs. Ferrari. Pending these proceedings the second note matured, and Robert, the vendor, issued executory process thereon against the property sold by him. On a rule taken by Mrs. Ferrari, the sheriff was ordered to sell the portion of each purchaser separately, and from the proceeds of each pay the half of the debt and costs. On the day before the sale one L. Goulard loaned to Mrs. Ferrari, by authentic act, the amount due by her in the executory proceedings of Robert, which he, Goulard, paid to the sheriff, and took the following receipt:

"Received of Louis Goulard, for Mrs. Widow Ferrari (by act of subrogation), the sum of $1250, for one-half of the capital, interest and costs on the property of Mrs. Ferrari, as per writ of seizure and sale of F. J. Robert *v.* E. Duckerts, widow of J. B. Ferrari, et als., her said property being hereby released and the sale by sheriff withdrawn." Signed by the sheriff.

On the next day Durac paid his portion of the debt to the sheriff, who two days after paid the whole to Robert's counsel, taking the following eceipt:

"François J. Robert *v.* Elizabeth Duckerts, widow of J. B. Ferrari, et. al.—Seventh District Court, No. 8943.—Received, New Orleans, March 4, 1872, from C. S. Sauvinet, civil sheriff, the sum of $2252 68, amount of claim and interest in above entitled case." Signed by the attorney.

Subsequently the property of Mrs. Ferrari was sold under the executory proceedings of Durac, and a similar process taken out by Goulard, who filed a third opposition in the former, claiming the proceeds by preference over Durac, by virtue of his above mentioned payment, with subrogation, and a judgment thereon contradictorily with Robert in the suit of the latter against Mrs. Ferrari and Durac.

In answer to this opposition, Durac denies the validity and effect of the alleged authentic act of subrogation, the judgment thereon and the executory process taken out by Goulard, and avers that the only subsisting debt and mortgage upon the property or proceeds in question are evidenced by the note paid by him as co-debtor *in solido,* to one-half of which he is entitled out of the said proceeds in preference to all others, the note held by Robert having been paid, and the debt and its accessory, the mortgage, extinguished before the alleged judgment of subrogation was asked or granted.

Goulard contends that Durac can not in this way attack the validity of his (Goulard's) mortgage rights, and invokes the authority of Hoy *v.* Scott, 22 An. 416, to support his position. All that was decided in that case, upon this point, is that Hoy could not contest the reality of the judgment set up against him in a *concursus,* or the validity of its consideration, because it was recorded prior to the origin of his debt. Such is not the case here. Durac's claim existed before Goulard acquired any rights whatever in the controversy. Their rights are really of the same origin.

The only question for our decision is whether or not Goulard is subrogated to the mortgage rights of F. J. Robert, which he claims was effected under clause No. 2 of art. 2160 R. C. C., to wit:

"When the debtor borrows a sum for the purpose of paying his debts, and intending to subrogate the lender in the rights of the creditor. To make this subrogation valid, it is necessary that that act of borrowing and the receipt be executed in presence of. a notary and two witnesses; that in the act of borrowing it be declared that the sum was borrowed to make the payment, and that in the receipt it be declared that the payment has been made with the money furnished for that purpose by the new creditor. That subrogation takes place independently of the will of the creditor."

This article is very explicit that the receipt as well as the act of borrowing must be executed in the presence of a notary and two witnesses, and the receipt adduced by Goulard in this case not being in that form should have been rejected on the objection made by Durac. The receipt given by the sheriff and relied on by Goulard is not an authentic act by law, and is not the form of receipt made necessary by the above

article of the Code. The subrogation, therefore, attempted in favor of Goulard is without legal effect against any one having adverse claims, as Durac or his transferree has.

It is therefore ordered that the judgment appealed from be reversed, and that the opposition of Louis Goulard be dismissed, and the right of J. Bazus, transferree of D. Durac, to be paid out of the proceeds of the property of Widow J. B. Ferrari, sold herein, be recognized. Costs in both courts to be paid by opponent and appellee.

Rehearing refused.